

FILED
JAN 09 2007
CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |
|---|---|
| JOSEPH DIBELLA,  *<br>*<br>Petitioner,  *<br>*<br>-vs-  *<br>*<br>WARDEN MARTINEZ,  *<br>*<br>Respondent.  *<br>* | CIV 04-4142<br><br>MEMORANDUM OPINION<br>AND  ORDER |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Petitioner, Joseph DiBella, an inmate at the Federal Prison Camp in Yankton, South Dakota, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his petition, Petitioner relied on *Blakely v. Washington*, 542 U.S.296 (2004), and contended that his sentence which was imposed in the District Court in the Eastern District of New York violated the Sixth Amendment because it was based on factors that were not found by a jury. The Supreme Court subsequently decided *United States v. Booker*, 543 U.S. 220 (2005), and held that the federal sentencing guidelines are subject to the jury trial requirements of the Sixth Amendment.

Petitioner has admitted that a challenge such as his normally should be brought under 28 U.S.C. § 2255, but Petitioner claims that § 2255 relief would be ineffective and inadequate because *Blakely* was decided after his § 2255 motion. The Eighth Circuit Court of Appeals has stated, "It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 ... and not in a habeas petition filed in the court of incarceration ... under § 2241." *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003); *see also, Abdullah v. Hedrick*, 392 F.3d 957 (8th Cir. 2004). The petitioner has the burden of demonstrating § 2255 relief in the sentencing court would be unavailable or ineffective. *Id.*

Even if Petitioner were to meet his burden and demonstrate that his claim could be raised in a petition under 28 U.S.C. § 2241, he is not entitled to relief. The rule in *United States v. Booker*, 543 U.S. 220 (2005), has been determined by the Eighth Circuit to be a new procedural rule that was not of "watershed" importance, and thus, the *Booker* rule does not apply to criminal convictions that

became final before the rule was announced. *See Never Misses a Shot v. United States*, 413 F.3d 781 (8th Cir. 2005), *cited in United States v. Hernandez*, 436 F.3d 851 (8th Cir. 2006). Accordingly,

IT IS ORDERED that petitioner's application for a writ of habeas corpus is DENIED.

Dated this 7th day of January, 2007.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: *Sharon Fury*
(SEAL)   DEPUTY